Dear Mrs. Kelly:
This letter is in response to your question asking:
 Should the state auditor register a proposed $350,000 general obligation school bond dated August 1, 1985 of the Fredericktown Reorganized School District No. R-I of Madison County, pursuant to Section 108.240, RSMo Cum. Supp. 1984?
The facts show that the Official Ballot approved by more than two-thirds of the voters of the Fredericktown Reorganized School District No. R-I at a special school bond election held on June 4, 1985, included the following language: "The above proposition will not require a tax increase." The only substantial question raised is the propriety of this language on the ballot.
The above-quoted sentence does not appear in the recitation of the Official Ballot and Notice of Special School Bond Election in the minutes of the special meeting of the Board of Education of the Fredericktown Reorganized School District No. R-I of Madison County, Missouri, held on April 5, 1985. However, this language appeared in the publication of the Notice and on the Official Ballot.
We are informed that the New Era Bank of Madison County, Fredericktown, Missouri, will purchase the three hundred fifty thousand dollars ($350,000) bearer bond, and that the school district will satisfy the bond the day following its delivery to the bank. The funds used to satisfy this bond will come from funds already available in the school district's debt service fund. It appears that this surplus was generated to satisfy general obligation bonds dated October 1, 1973.
In Northern Trust Company v. City of Independence,526 S.W.2d 825 (Mo. banc 1975) the City Council of the City of Independence, Missouri, included language in a ballot respecting general obligation bonds stating: "`These general obligation bonds will be payable first from the City-wide sales tax approved by the voters on October 9, 1973.'" 526 S.W.2d at 826. The court first considered whether the insertion of this language converted the bonds from general obligation bonds to limited obligation bonds. General obligation bonds provide for an ad valorem tax sufficient to pay the interest and principal of the indebtedness as they fall due. Article VI, Section 26(f), Missouri Constitution. The court concluded that the bonds at issue were general obligation bonds and the language inserted in the ballot was not inconsistent with Article VI, Section 26(f), Missouri Constitution.
The court then examined the question whether the voters were mislead or deceived by the insertion of the offending language. The court found that this language was not misleading, because the voters were not told that ad valorem taxes would not be levied to satisfy the bonds or that the sales tax would exist for a definite period of time. However, the court did not express approval of the practice of inserting language on bond issue ballots, stating: "Such similar language should not be inserted in instructions to the voters. It has no place therein and political subdivisions would be well advised not to follow the practice in the future." 526 S.W.2d at 832. See also NorthernTrust Company, 526 S.W.2d at 833-834 (Bardgett, J., concurring).
In these circumstances, we find the insertion of the words, "The above proposition will not require a tax increase.", in the ballot to be factually correct and not misleading. The bond in question will be satisfied within days of its delivery to the purchaser. Thus, no tax increase will occur. Accordingly, we believe that if the bond complies with all the other conditions of the laws for purposes of § 108.240.1(1), RSMo Supp. 1984, the Missouri State Auditor should register the bond.
We also note that Beatty v. Metropolitan St. Louis SewerDistrict, No. 66779 (Mo. banc November 21, 1985) (may be subject to motion for rehearing) held that an action involving the wording of a ballot proposition is cognizable only in an election contest, which has a thirty (30) days statute of limitations which has been exceeded in this instance. See Section 115.577, RSMo 1978. In light of our conclusion, we need not decide whether the Missouri State Auditor's review for compliance with all conditions of the laws under § 108.240.1(1), RSMo Supp. 1984, is obviated by the running of the statute of limitations on election contests.
We caution, however, against the insertion of propaganda on bond issue ballots in the future; this practice is not to be condoned. Northern Trust Company, 526 S.W.2d at 832;526 S.W.2d at 833-834 (Bardgett, J., concurring).
Very truly yours,
 WILLIAM L. WEBSTER Attorney General